UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSETTA LEWIS,
        Plaintiff,

Case No

V

IRON MOUNTAIN CORPORATION,
        Defendant.
_____/

**COMPLAINT
AND
JURY DEMAND**

## JURISDICTION

1. The United States District Court for the Eastern District of Michigan has original jurisdiction pursuant to 28 USC 1131, a federal question is involved and supplemental jurisdiction pursuant to 28 USC 1367.

2. Venue lies in the United States District Court for the Eastern District Court of Michigan pursuant to 28 USC 1391b.

### COUNT 1 – RETALIATION FOR FILING A CHARGE
### WITH THE EEOC under the Elliott Larsen Civil Rights Act

3. Plaintiff repeats and realleges paragraphs 1 through 3 as if fully set forth herein verbatim.

4. On August 17, 2009 the plaintiff filed a charge of discrimination under Title VII with the EEOC.

1

5. The charge included an allegation of discrimination.

6. Since July 13, 2009 the plaintiff suffered a cervical herniated disks, carpal tunnel and stress related high blood pressure.

7. On September 4, 2010 the defendant informed the plaintiff that she could no longer work at defendant company.

8. The reason give plaintiff was "we have a no restriction policy, you're a high risk"..

9. The plaintiff's doctor had issued a 20 pound weight restriction. Plaintiff had seldom lifted 20 pounds in her job duties.

10. After August , 2009 the plaintiff's coordinator would stand over the plaintiff and watch her work.

11. Defendant, by and through its agents told the plaintiff to pull 20 boxes of material each weighing in access of 20 pounds after the plaintiff gave her immediate supervisor notice that she filed the EEOC charge.

12. Plaintiff was terminated by defendant.

13. The Elliott Larsen Rights civil rights act precludes retaliation against an individual who has participated in the opposition of a violation of Title VII.

14. Defendant has retaliated against plaintiff in retaliating against the plaintiff for filing an EEOC charge.

15. As a direct and proximate result of said retaliation the plaintiff has suffered damages, including, but not limited to lost wages, lost benefits and emotional damages.

WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount established by the proofs, together with interest, costs and attorney fees.

## COUNT 2 - VIOLATION OF THE AMERICAN'S WITH DISABILITIES ACT
## (FAILURE TO ACCOMMODATE)

16. Plaintiff repeats and realleges paragraphs 1 through 15 as if fully set forth herein verbatim.

17. On or about August 8, 2009 the plaintiff sought and did not receive a lifting restriction from the defendant.

18. The restriction was required because the plaintiff had injures her neck. Plaintiff had cervical herniated disks a disability under the American's with Disability Act.

19. The herniated disks substantially affected one or more of life's activities. Plaintiff's ability to lift was affected. Other than the weight restriction plaintiff was fully able to perform all her job duties with defendant.

20. On or about September 4, 2009 defendant by and through its agents indicated to the plaintiff that the defendant had a no restrictions policy. Defendant indicated "you are not allowed to return to work until all restrictions are lifted".

21. Plaintiff was terminated.

22. The American's with Disabilities Act mandates that an employer must provide reasonable accommodation to persons with a disability.

23. Defendant has violated said act by failing to accommodate the plaintiff's disability and failing to hold the mandatory meeting under the act in which accommodation could be discussed.

24. As a direct and proximate result of said failure to accommodate the plaintiff has suffered damages, including but not limited to lost wages, lost benefits and emotional damages.

WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount established by the proofs, together with interest, costs and attorney fees.

## COUNT 3 – VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES ACT
## (FAILURE TO ACCOMMODATE)

25. Plaintiff repeats and realleges paragraphs 1 through 24 as if fully set forth herein verbatim.

26. Plaintiff notified the defendant in writing continuously that accommodation concerning her disability was sought.

27. Defendant did not accommodated the plaintiff's disability despite the fact that statutorily reasonable accommodation was possible.

28. As a direct and proximate result of said failure to accommodate the plaintiff has suffered damages, including, but not limited to lost wages, lost benefits and emotional damages.

WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount established by the proofs, together with interest, costs and attorney fees.

Respectfully submitted,

/s/ Richard A. Meier

Richard A. Meier (P38204)
Attorney for the Plaintiff
30300 Northwestern Highway
Ste. 320
Farmington Hills, Michigan 48334
Meier900@netscape.net

4

## JURY DEMAND

Now comes the plaintiff and demands trial by jury.

Respectfully submitted,

/s/ Richard A. Meier